# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE DAVIDOVICH, an individual; DAVINA LYNCH, an individual; and JOHN KENNEY, an individual,<br><br>　　　　　　　　　　Plaintiffs,<br>　vs.<br>CITY OF SAN DIEGO,<br><br>　　　　　　　　　　Defendant. | CASE NO. 11cv2675 WQH-NLS<br><br>ORDER |

HAYES, Judge:

On November 16, 2011, Plaintiffs Eugene Davidovich, Davina Lynch, and John Kenney initiated this action by filing a Complaint for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction and Declaratory Relief. (ECF No. 1). Plaintiffs also filed an Ex Parte Application for Temporary Restraining Order. (ECF No. 3).

Rule 65 of the Federal Rules of Civil Procedure provides in part:

> The court may issue a preliminary injunction only on notice to the adverse party.
> ...
> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(a)(1) & (b)(1).

"The stringent restrictions imposed by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cty*, 415 U.S. 423, 438-39 (1974) ("[U]nder federal law [an ex parte temporary restraining order] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."). "Consistent with this overriding concern, courts have recognized very few circumstances justifying the issuance of an ex parte [temporary restraining order]." *Reno Air Racing Ass'n, Inc.*, 452 F.3d at 1131; *see also Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984) (holding that an ex parte temporary restraining orders is appropriate "where notice to the adversary party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing."); *Matter of Vuitton et Fils S.A.*, 606 F.2d 1, 4-5 (2d Cir. 1979) (holding that an ex parte temporary restraining orders is appropriate where notice would "render fruitless further prosecution of the action.").

There is no evidence in the record that Defendant has been provided with notice of the Complaint or the Ex Parte Application. The Complaint and Ex Parte Application do not contain "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition*." Fed. R. Civ. P. 65(b)(1). The Ex Parte Application do not contain a certification in writing from Plaintiffs' attorney regarding *"any efforts made to give notice and the reasons why it should not be required."* Fed. R. Civ. P. 65(b)(1).  The Ex Parte Application for Temporary Restraining Order fails to comply with the requirements of Rule 65(b)(1).

IT IS HEREBY ORDERED that the Ex Parte Application for Temporary Restraining

1 | Order is DENIED without prejudice.  (ECF No. 3).

2 | DATED:  November 17, 2011

                          *William Q. Hayes*
                         **WILLIAM Q. HAYES**
                         United States District Judge