1

2

3

4

5

6

7

8                            **UNITED STATES DISTRICT COURT**

9                            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   EUGENE DAVIDOVICH, an individual;              CASE NO. 11cv2675 WQH-NLS
     DAVINA LYNCH, an individual; and
12   JOHN KENNEY, an individual,                    ORDER

13                                    Plaintiffs,
                     vs.
14   CITY OF SAN DIEGO,

15                                    Defendant.

16   HAYES, Judge:

17          The matter before the Court is the Ex Parte Application for Temporary Restraining

18   Order filed by Plaintiffs Eugene Davidovich, Davina Lynch, and John Kenney.  (ECF No. 7).

19   **I.      Background**

20          On November 16, 2011, Plaintiffs Eugene Davidovich, Davina Lynch, and John Kenney

21   initiated this action by filing a "Complaint for Temporary Restraining Order, Preliminary

22   Injunction, Permanent Injunction and Declaratory Relief" against the City of San Diego.  (ECF

23   No. 1).  The Complaint asserts two claims titled: "Injunctive Relief" and "Declaratory Relief"

24   and alleges that San Diego Municipal Code section 54.0110 titled "Unauthorized

25   Encroachments Prohibited" which provides: "It is unlawful for any person to erect, place,

26   allow to remain, construct, establish, plant, or maintain any vegetation or object on any public

27   street, alley, sidewalk, highway, or other public property or public right-of-way...." is

28   unconstitutional.  *Id*. at 2-3.  Plaintiffs seek "a declaration that [San Diego Municipal Code]

section 54.0110 is void for vagueness and overbreadth" and an injunction "prohibiting Defendant and its agents or employees from enforcing [San Diego Municipal Code] section 54.0110." *Id*. at 3-4. The declarations attached to the Complaint state that Plaintiffs are members of the Occupy San Diego movement, which is "a protest in solidarity with the Occupy Wall Street movement for economic and social justice" being held at the Civic Center Plaza in downtown San Diego. (ECF No. 1-1 at 2; 1-5 at 1; 1-6 at 1). Plaintiffs allege that the "police sometimes choose to enforce section 54.0110 very strictly, requiring that no one entering Civic Center Plaza place any object on the ground, particularly when members of the protest group 'Occupy San Diego' enter the Plaza. On other occasions or with respect to other individuals, the police allow objects to be placed on the ground." (ECF No. 1 at 3). Plaintiffs allege that the "ordinance has a chilling effect on free expression ...." *Id*.

On November 17, 2011, Plaintiffs filed an Ex Parte Application for Temporary Restraining Order. (ECF No. 7). On November 18, 2011, Defendant City of San Diego filed an Opposition to the Ex Parte Application for Temporary Restraining Order. (ECF No. 18). On November 21, 2011, Plaintiffs filed a Reply. (ECF No. 23).

On November 21, 2011, the Court heard oral argument on the Ex Parte Application for Temporary Restraining Order. At oral argument, Plaintiffs stated that they assert a facial challenge to San Diego Municipal Code section 54.0110 in the Ex Parte Application for Temporary Restraining Order and Plaintiffs reserved the right to bring an as-applied challenge.

**II.    Discussion**

When the nonmovant has received notice, as here, the standard for issuing a temporary restraining order is the same as that for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation omitted). To obtain preliminary injunctive relief, a movant must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

1  injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20
2  (2008); *see also Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)
3  ("[S]erious questions going to the merits and a balance of hardships that tips sharply towards
4  the plaintiff can support issuance of a preliminary injunction....").

5         **A.**    **Success on the Merits**

6       Plaintiffs seek "a temporary restraining order enjoining the City of San Diego and its
7  agents and employees from enforcing [San Diego Municipal Code] section 54.0110." (ECF
8  No. 7-1 at 5). Plaintiffs contend that the general application of San Diego Municipal Code
9  section 54.0110 by City officials infringes their First Amendment right to free speech.
10 Plaintiffs contend that San Diego Municipal Code section 54.0110 is void for vagueness in
11 violation of the Due Process Clause of the Fourteenth Amendment.

12      Defendant contends that San Diego Municipal Code section 54.0110 is a constitutional,
13 content neutral, reasonable time, place, and manner restriction narrowly tailored to advance
14 the substantial interests of "protecting the public's health, safety and welfare, protecting the
15 City's properties from damage, overuse, and unsanitary conditions, and maintaining the City's
16 public areas as right-of-ways, free of obstructions and clutter, open for the use and enjoyment
17 of the public." (ECF No. 18 at 8).

18      A party presents a facial challenge to the constitutionality of an ordinance when the
19 party challenges the general application of the ordinance. *See Doe v. Reed*, __ U.S.__, 130
20 S.Ct. 2811, 2817 (2010) ("[A] claim is 'facial' in that it is not limited to plaintiffs' particular
21 case, but challenges application of the law more broadly to all [similar plaintiffs]"); *Jerry*
22 *Beeman & Pharm. Serv., Inc. v. Anthem Prescription Mgmt, LLC*, 652 F.3d 1085, 1097 (9th
23 Cir. 2011) (a party alleges a facial challenge when the party alleges that the statute is
24 unconstitutional "against whomever it is enforced" rather than "only as applied in the context
25 of plaintiffs' suit."). "A successful challenge to the facial constitutionality of a law invalidates
26 the law itself." *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998). Facial
27 challenges to statutes may be made on First Amendment grounds "where statutes, by their
28 terms, purport to regulate the time, place, and manner of expressive or communicative

1   conduct." *Broadrick v. Oklahoma*, 413 U.S. 601, 612-13 (1973) (citations omitted); *see also*

2   *Roulette v. City of Seattle*, 97 F.3d 300, 303 (9th Cir. 1996).

3         The First Amendment precludes the enactment of laws "abridging the freedom of

4   speech." U.S. Const. amend. I.   The First Amendment protects literal speech as well as some

5   expressive or communicative conduct. *Spence v. Wash.,* 418 U.S. 405, 409 (1974). Expressive

6   or communicative conduct is entitled to First Amendment protection where it is "sufficiently

7   imbued with elements of communication." *Id.*; *see also Clark v. Cmty for Creative*

8   *Non-Violence*, 468 U.S. 288, 294 (1984) (finding that camping on park lands, including "the

9   use of park lands for living accommodations, such as sleeping, storing personal belongings,

10  making fires, digging, or cooking ... *may* be expressive and part of the message delivered by

11  the demonstration [regarding homelessness].") (citations omitted) (emphasis added).  For the

12  purpose of this Ex Parte Application for Temporary Restraining Order, the Court presumes that

13  San Diego Municipal Code section 54.0110 restricts expressive or communicative conduct.

14  *See Clark*, 468 U.S. at 294.

15             **i.**      **Reasonable Time, Place, and Manner Restriction**

16        Defendant contends that San Diego Municipal Code section 54.0110 is content neutral

17  and serves significant government interests in "protecting the public's health, safety and

18  welfare, protecting the City's properties from damage, overuse, and unsanitary conditions, and

19  maintaining the City's public areas as right-of-ways, free of obstructions and clutter, open for

20  the use and enjoyment of the public."  (ECF No. 18 at 8).  Defendant contends that San Diego

21  Municipal Code section 54.0110 is narrowly tailored because it does not preclude Plaintiffs

22  from communicating their message.

23        "Expression, whether oral or written or symbolized by conduct, is subject to reasonable

24  time, place, or manner restrictions." *Clark*, 468 U.S. at 294.  The restriction must be content

25  neutral. *Id.*  "[W]hether a statute is content neutral or content based is something that can be

26  determined on the face of it ...." *G.K. Ltd. Travel v. City of Lake Oswego*, 436 F.3d 1064, 1071

27  (9th Cir. 2006) (quotation omitted).  Legislation is not content neutral where it "singles out

28  certain speech for differential treatment based on the idea expressed." *A.C.L.U. of Nevada v.*

1   *City of Las Vegas*, 466 F.3d 784, 794 (9th Cir. 2006) (citing *Foti*, 146 F.3d at 636 n.7).

2      The reasonable time, place, or manner restriction must be "narrowly tailored to serve

3   a significant governmental interest, and ... leave open ample alternative channels for

4   communication of the information." *Clark*, 468 U.S. at 293-94 (quotation omitted); *see also*

5   *Doe v. Reed*, 586 F.3d 671, 678 (9th Cir. 2009) (content neutral restrictions with an "incidental

6   effect" on expressive conduct must survive intermediate scrutiny) (citing *United States v.*

7   *O'Brien*, 391 U.S. 367, 376 (1968)); *Jacobs v. Clark County Sch. Dist.*, 526 F.3d 419, 434 (9th

8   Cir. 2008)).  The regulation "need not be the least restrictive or least intrusive means," so long

9   as the regulation does not "burden substantially more speech than is necessary" to achieve the

10  significant government interest. *Ward v. Rock Against Racism*, 491 U.S. 781, 798-99 (1989).

11     In *Clark*, the Supreme Court considered whether a content neutral restriction against

12  camping in public parks, preventing individuals from sleeping in tents to protest homelessness,

13  was a reasonable time, place, and manner restriction.  The Court found that the government

14  had a substantial interest in maintaining public parks "in an attractive and intact condition" as

15  well as ensuring that public parks remain readily available to other members of the public.

16  *Clark,* 468 U.S. at 296.  The Court found that restricting camping on public property was

17  narrowly tailored and that "using these areas as living accommodations would be totally

18  inimical to these purposes...."  *Id*.  The Court concluded that the ban on sleeping in the public

19  park was a reasonable time, place, and manner restriction.  *Id*.; *see also Lubavitch Chabad*

20  *House, Inc. v. City of Chicago,* 917 F.2d 341, 347 (7th Cir. 1990) (holding that there is no

21  "private constitutional right to erect a structure on public property.  If there were, our

22  traditional public forums, such as our public parks, would be cluttered with all manner of

23  structures.").

24     In this case, the prohibition against unauthorized encroachments in San Diego

25  Municipal Code section 54.0110 is content neutral because it does not single out any type of

26  speech or provide differential treatment based on the idea expressed.  San Diego Municipal

27  Code section 54.0110 serves significant government interests in protecting the public's health,

28  safety, and welfare; maintaining public property; and ensuring that the public space is free of

obstructions and is available for the use and enjoyment of members of the public.  San Diego Municipal Code section 54.0110 is narrowly tailored because it is limited to proscribing intrusion upon the maintenance, use, and enjoyment of public space.  San Diego Municipal Code section 54.0110 allows ample alternative channels for communication and does not preclude Plaintiffs from communicating their message.

Based on the record, the Court concludes that San Diego Municipal Code section 54.0110 is a content neutral, reasonable time, place, and manner restriction which is narrowly tailored to serve a significant governmental interest and leaves open ample alternative channels for communication.

### ii.    Overbroad

Plaintiffs contend that San Diego Municipal Code section 54.0110 is overbroad on the grounds that it "sweeps unnecessarily broadly and thereby invades areas of protected freedoms."  (ECF No. 7-1 at 5).  Plaintiffs contend that San Diego Municipal Code section 54.0110 "has a chilling effect on free expression in that individuals are often not permitted to even place protest signs down next to where they are standing[]" and that the ordinance "prohibits not only the placement of First Amendment protected literature tables, but any other object on any city property."  *Id.* (emphasis omitted) (citing *A.C.L.U. of Nevada v. City of Las Vegas*, 466 F.3d 784, 791-99 (9th Cir. 2006)).

Plaintiff Davidovich has submitted a declaration in which he states that he entered the Civic Center Plaza with a three-gallon bucket containing a tomato plant that had  a protest sign and an American flag affixed to it.  Davidovich states that he sat down on the steps of the plaza and placed the plant beside him when he was approached by a police officer who told him to pick up the plant.  Plaintiff Kenney has submitted a declaration in which he states that he was told by a police officer that he could not put his bag, jacket, or backpack down in the Civic Center Plaza and that he was told to pick a sign up from the ground while he was writing on it.  Plaintiff Lynch has submitted a declaration in which she states that a police officer informed her that she could not place any object down in the Civic Center Plaza.  Plaintiffs have also submitted declarations from individuals who are not parties to this case who state

1    that police officers told them that they could be arrested for putting their crutches and a purse

2    on the ground.

3        Defendant contends that enforcement of San Diego Municipal Code section 54.0110

4    "is limited to those persons who attempt to and/or do erect or leave objects unattended on

5    public property on a permanent, indefinite, or otherwise clearly non-temporary basis, i.e., when

6    there is some degree of permanence to the encroachment." (ECF No. 18 at 12-13). Defendant

7    contends that San Diego Municipal Code section 54.0110 prevents unsanitary and unsafe

8    conditions in public places. Defendant contends that San Diego Municipal Code section

9    54.0110 does not prevent individuals from demonstrating or otherwise engaging in speech

10   activities; it prevents individuals from "camping and storing their personal property in a public

11   place." *Id*. at 13.

12       "In a facial challenge to the overbreadth ... of a law, a court's first task is to determine

13   whether the enactment reaches a substantial amount of constitutionally protected conduct."

14   *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc*., 455 U.S. 489, 494 (1982). If the

15   law reaches activity protected by the First Amendment, "a law may be invalidated as overbroad

16   if a substantial number of its applications are unconstitutional, judged in relation to the

17   statute's plainly legitimate sweep." *United States v. Stevens*, __ U.S. __, 130 S. Ct. 1577, 1587

18   (2010) (quotations omitted). To succeed in their challenge of the ordinance based on

19   overbreath, Plaintiffs must "demonstrate [overbreath] from the text of [the ordinance] and from

20   actual fact that a substantial number of instances exist in which the [ordinance] cannot be

21   applied constitutionally." *N.Y. State Club Ass'n v. City of N.Y.*, 487 U.S. 1, 14 (1988).

22   "Invalidation for overbreadth is strong medicine that is not to be casually employed." *United*

23   *States v. Williams*, 553 U.S. 285, 293 (2008) (quotations and citations omitted).

24       In *A.C.L.U. of Nevada*, plaintiffs brought a facial challenge and an as-applied challenge

25   to a content-based restriction on solicitation, a traditional form of free speech, in a public

26   forum. The Court of Appeals for the Ninth Circuit held that the content-based restriction on

27   certain types of solicitation was a facially unconstitutional regulation of speech protected by

28   the First Amendment. *A.C.L.U. of Nevada*, 466 F.3d at 797. Plaintiffs also challenged a

1   restriction on the use of tables to aid in solicitation.  The Court of Appeals held that "the

2   erection of tables in a public forum is expressive activity protected by our Constitution to the

3   extent that the tables facilitate the dissemination of First Amendment speech." *Id*. at 799.  The

4   Court of Appeals stated: "We express no view as to whether the tabling ordinance would be

5   a constitutionally invalid restriction on the time, place, and manner of Plaintiffs' free speech

6   in a traditional public forum in the absence of the [content-based] labor exemption." *Id*. at 800

7   n.18.  The Court of Appeals declined to hold that the tabling ordinance was facially

8   unconstitutional.  *Id*. at 800 ("Although the record is sufficiently clear for us to hold that the

9   tabling ordinance is unconstitutional *as applied* to Plaintiffs' expressive activities, nothing in

10  the record indicates that tables are used in the [public forum] for expressive purposes with

11  enough frequency to support Plaintiffs' *facial* challenge to the ordinance.") (emphasis added).

12          In this case, Plaintiffs make only a facial challenge and have reserved the right to make

13  an as applied challenge.  San Diego Municipal Code section 54.0110 has the "plainly

14  legitimate sweep" of protecting the public's health, safety and welfare; maintaining public

15  property; and ensuring that the public space is free of obstructions and available for the use and

16  enjoyment of members of the public.  *Stevens*, 130 S. Ct. at 1587.  The conduct targeted by the

17  ordinance relates to the maintenance, use, and enjoyment of public space and is not

18  constitutionally protected.  *See Village of Hoffman Estates*, 455 U.S. at 494.  To the extent that

19  the ordinance may restrict expressive conduct, Plaintiffs have failed to show that there are a

20  "substantial number of instances in which the [ordinance] cannot be applied constitutionally"

21  in relation to its "plainly legitimate sweep."  *Stevens*, 130 S. Ct. at 1587; *N.Y. State Club Ass'n*,

22  487 U.S. at 14.  The Court finds that Plaintiffs have failed to show that they are likely to

23  succeed on the merits of their claim that San Diego Municipal Code section 54.0110 is facially

24  unconstitutional as overbroad.

25          **iii.    Vagueness**

26          Plaintiffs contend that San Diego Municipal Code section 54.0110 is impermissibly

27  vague on the grounds that "it does not define a criminal offense with sufficient certainty so that

28  ordinary people can understand what conduct is prohibited, and it encourages arbitrary and

discriminatory enforcement." (ECF No. 7-1 at 4). Plaintiffs contend that San Diego Municipal Code section 54.0110 "fails to establish standards for the police and public that are sufficient to guard against the arbitrary deprivation of liberty interests and fails to give fair notice of what acts will be punished so that First Amendment rights are chilled." *Id*.

Defendant contends that San Diego Municipal Code section 54.0110 defines the prohibited conduct in a manner which can be understood by people of ordinary intelligence because the ordinance "uses common terms found in the English dictionary.... [and] lists a number of words or phrases having similar meanings." (ECF No. 18 at 10). Defendant contends that "when read together, in context, and based on human experience," the ordinance gives the reader fair warning regarding the proscribed conduct and provides sufficient guidance to the police for enforcement. *Id*.

A statute is void for vagueness where a person of "common intelligence must necessarily guess at its meaning and differ as to its application...." *Connally v. General Const. Co.*, 269 U.S. 385, 391 (1926). However, "the Constitution does not require impossible standards; all that is required is that the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *Roth v. United States,* 354 U.S. 476, 491 (1957) (quotations omitted); *see also U.S. Civil Serv. Comm'n v. Nat'l Ass'n of Letter Carriers, AFL-CIO*, 413 U.S. 548, 578-79 (1973). "[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson,* 461 U.S. 352, 357 (1983) (citation omitted). In *Kolender,* the Supreme Court explained:

> Although the doctrine focuses on both actual notice to citizens and arbitrary enforcement, we have recognized recently that the more important aspect of the vagueness doctrine is not actual notice, but the other principal element of the doctrine-the requirement that a legislature establish minimal guidelines to govern law enforcement.

*Kolender,* 461 U.S. at 357-58 (quotations and citation omitted).

An ordinance that does not implicate constitutionally protected conduct is void for

vagueness only where it "is impermissibly vague in all of its applications." *Village of Hoffman Estates*, 455 U.S. at 495. However, an ordinance that "reaches a 'substantial amount of constitutionally protected conduct[]'" may be void for vagueness even where it is not vague in all applications. *Nunez v. City of San Diego*, 114 F.3d 935, 940 (9th Cir. 1997) (quoting *Kolender*, 461 U.S. at 359 n.8). "The need for definiteness is greater when the ordinance imposes criminal penalties on individual behavior or implicates constitutionally protected rights than when it regulates the economic behavior of businesses." *Nunez,* 114 F.3d at 940.

San Diego Municipal Code section 54.0110 is titled "Unauthorized Encroachments Prohibited" and provides: "It is unlawful for any person to erect, place, allow to remain, construct, establish, plant, or maintain any vegetation or object on any public street, alley, sidewalk, highway, or other public property or public right-of-way, except as otherwise provided by this Code." S.D. Mun. Code § 54.0110. San Diego Municipal Code section 11.0209 provides that "[w]ords and phrases ... shall be construed according to the context and approved usage of the language." S.D. Mun. Code § 11.0209(e).

The need for definiteness is present in this case because the Court has presumed that the ordinance implicates constitutionally protected conduct. When considering the ordinary meaning of the terms encroach, erect, place, remain, construct, establish, plant, and maintain,[1] as well as their use in conjunction with each other, the ordinance plainly prohibits individuals from using vegetation or objects to interfere with the maintenance, use, and enjoyment of public property. The ordinance makes it unlawful for a person to "erect, place, allow to remain, construct, establish, plant, or maintain any vegetation or object" upon public property in order to advance substantial government interests in protecting the public's health, safety

---

[1] The dictionary defines encroach as: "to enter by gradual steps or by stealth into the possessions or rights of another" or "to advance beyond the usual or proper limits." Webster's II New College Dictionary, 371 (2001). The definition of erect is "to construct by assembling materials and parts" or "to assemble or set up." *Id.* at 381. The definition of place is "to put in a particular position." *Id.* at 841. The definition of remain is "to continue without change of condition, quality, or place" or "to stay or be left over after removal, departure, loss, or destruction of others." *Id.* at 937. The definition of construct is "to put together by assembling parts." *Id.* at 242. The definition of establish is "to make secure or firm." *Id.* at 384. The definition of plant is "to place or set (e.g., seeds) in the ground to grow." *Id.* at 843. The definition of maintain is "to continue: carry on" or "to keep in existence." *Id.* at 660.

and welfare; maintaining public property; and ensuring that the public space is free of obstructions and is available for the use and enjoyment of members of the public.  S.D. Mun. Code § 54.0110.  The ordinance proscribes easily identifiable conduct which directly advances the public interest.  The Court concludes that the ordinance provides adequate guidelines to govern law enforcement and to avoid the potential for arbitrarily suppressing First Amendment liberties.[2]  *See Kolender,* 461 U.S. at 357.  The Court finds that Plaintiffs have failed to show that they are likely to succeed on the merits of their claim that San Diego Municipal Code section 54.0110 is facially void for vagueness.

## B.     Irreparable Injury, Balancing of Hardships, Public Interest

"When ... a party has not shown any chance of success on the merits, no further determination of irreparable harm or balancing of hardships is necessary."  *Global Horizons, Inc. v. United States Dep't of Labor*, 510 F.3d 1054, 1058 (9th Cir. 2007) (explaining that "this rule applies with equal force to the public interest.").  A determination of irreparable harm, balancing of the hardships, or public interest is not necessary at this stage of the proceedings because the Court finds that Plaintiffs have failed to show a likelihood of success on the merits.

## III.    Conclusion

IT IS HEREBY ORDERED that the Ex Parte Application for Temporary Restraining Order filed by Plaintiffs Eugene Davidovich, Davina Lynch, and John Kenney (ECF No. 7) is DENIED.

DATED:  December 1, 2011

*William Q. Hayes*

**WILLIAM Q. HAYES**
United States District Judge

---

[2]  Even if the Court were to find one word, such as "place," to be unconstitutionally vague, the remainder of the ordinance would remain in effect.  *See* S.D. Mun. Code § 11.0205 which provides: "If any ... phrase, portion or provision of this Code is ... held to be invalid or unconstitutional ... such decision shall not affect the validity of the remaining portions of this Code."  S.D. Mun. Code § 11.0205.